Peggy Ann CASH, Plaintiff–Appellant,

v.

COMERICA BANK; Thomas Grant, jointly and severally, Defendants–Appellees.

No. 99–2330.

United States Court of Appeals, Sixth Circuit.

Feb. 13, 2001.

Before WELLFORD, RYAN, and SUHRHEINRICH, Circuit Judges.

PER CURIAM.

Plaintiff Peggy Cash, a former assistant branch manager for Defendant Comerica Bank ("Comerica"), appeals the entry of summary judgment for Defendants Comerica and Thomas Grant in this action asserting claims for defamation and injurious falsehood under Michigan law.

On September 15, 1997, Cash approved an overdraft by Eastern Tobacco in an amount exceeding $120,000. Cash had authority to approve overdrafts up to five thousand dollars. Her immediate supervisor, Defendant Grant, whose approval she now claims to have obtained, had authority to approve overdrafts up to ten thousand dollars. Eastern Tobacco failed to deposit sufficient funds to cover the overdraft, and eventually declared bankruptcy.

On September 18, 1997, Grant wrote a memorandum to George Richards, a vice president of Comerica, explaining that the Eastern Tobacco overdraft had been paid by Cash in error. On October 3, 1997, Richards met with Cash and demanded her resignation as a result of the bank's loss. When Cash did not resign, she was terminated.

Cash filed suit in federal court, alleging employment discrimination under federal and state law against Comerica, as well as defamation and injurious falsehood under state law against Grant and Comerica. Cash voluntarily dismissed the federal and state discrimination claims. The court, exercising pendent jurisdiction, dismissed the state defamation and injurious falsehood claims because Grant's memorandum, read literally, contained no false statement. Cash moved for reconsideration, but again the court rejected Cash's argument, concluding that Grant's statement was neither false nor misleading, and that in any event, Cash would be "hard-pressed" to overcome Defendants' qualified immunity defense.

On appeal, Cash argues that (1) the district court erred in concluding that the memorandum written by Grant was not actionable for defamation or injurious falsehood because it was literally true and was not so misleading as to constitute defamation by implication under Michigan law, and (2) the court erred inasmuch as it held that Cash could not overcome the Defendants' qualified privilege defense.

After reviewing the briefs and hearing oral argument, we AFFIRM the grant of summary judgment to Defendants for both the reasons stated by the court on the record in its June 17, 1999 summary judgment hearing, and in its order denying reconsideration, dated October 13, 1999.

WELLFORD, Circuit Judge, concurring.

I concur in my colleague's opinion and in that of the district court. I would add that *American Transmission, Inc. v. Channel 7 of Detroit, Inc.*, 239 Mich.App. 695, 609 N.W.2d 607 (2000), gives recent and additional support to our decision. *Channel 7* sets out that one of the elements of defamation in Michigan is "an unprivileged publication to a third party." *Id.* at 702, 609 N.W.2d 607. Plaintiff has not demonstrated any *unprivileged* communication to a third party in this case. It points out further that a plaintiff, in order to establish the limited "cause of action for defamation by implication . . . can succeed only if the plaintiff proves that the defamatory implications are materially false." *Id.* (citing *Hawkins v. Mercy Health Services*, 230 Mich.App. 315, 583 N.W.2d 725 (1998)). Plaintiff has not demonstrated this crucial element by claiming falsity by omission in this case.

In order to make her case for some action short of discharge with the bank supervisory structure, plaintiff had an opportunity, albeit a short one, to submit a grievance "to resolve major issues between employees and their supervision." She failed to take such action even if this opportunity may have involved only a long shot at relief.

Although there is unquestioned hardship to plaintiff in termination after many years of service, she acted without authority. Her attorney, in argument before the district court, conceded that the plaintiff knew that "her limits were five [thousand] and [Grant's] limits were ten [thousand]." J/A 535. Further, at the time of her final conference, the plaintiff apparently said nothing about alleged "authority from Mr. Grant" to approve the large check with insufficient funds in the account. J/A 545.

A sad case, but the decision of the district court must be affirmed.